Matter of J'Quan M. v Zhonvel B. (2025 NY Slip Op 03865)

Matter of J'Quan M. v Zhonvel B.

2025 NY Slip Op 03865

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, Gonzalez, Shulman, Rodriguez, JJ. 

|Docket No. V-38339-23/23A|Appeal No. 4636|Case No. 2024-06705|

[*1]In the Matter of J'Quan M., Petitioner-Appellant,
v
Zhonvel B., Respondent-Respondent.

Dora M. Lassinger, East Rockaway, for appellant.
Andrew J. Baer, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the child.

Order, Family Court, Bronx County (Maura A. Keating, J.), entered on or about October 25, 2024, which partially granted petitioner father's request for modification of the custody order, dated August 11, 2016, to the extent of granting him parenting time with the child during summer and holiday breaks, and denied his application for joint custody, unanimously reversed, on the law and the facts, without costs, and the matter remanded to Family Court, before a different Judge, and with a new assignment of counsel for the father, for further proceedings in accordance with this decision.
The record reveals that the court's misapprehension during the proceedings, compounded by the father's inadequate representation, resulted in actual prejudice (see Matter of Aaron OO. [Amber PP.], 170 AD3d 1436 [3d Dept 2019]). For example, although the court stated at the outset of the June 27, 2024 proceedings that the hearing was related to the mother's writ of habeas corpus, the court later indicated that the hearing concerned the father's request for interim relief. Nevertheless, the court limited the parties' questions to the June 6, 2024 incident. Moreover, though in response to the father's counsel's question regarding whether the proceedings were consolidated the court acknowledged that "the hearings can be combined and that the arguments could be marshaled at the end," the father was permitted to testify only about the incident following the court appearance on June 6, 2024, while the mother was permitted to also testify about how her relationship with the child had improved since the June 6, 2024 hearing. Additionally, on August 13, 2024, the mother testified once more about various topics related to the child because the court was "interested in hearing some testimony about the alleged incident" so that it could ascertain whether it "needed to order any interim relief," despite having denied interim relief at the prior hearing; the mother's counsel also conceded that she was uncertain why the court was "asking her to go forward" in recognition that the writ had been "satisfied." When the parties appeared on October 22, 2024, the court stated that the case was "on for summation, not for a hearing" even though the father's attorney stated at the August 13, 2024 hearing that he still wished to question the father and cross-examine the mother.
As a result of this confused procedure, and despite the father petitioning for joint custody of the child and seeking interim relief for custody based on allegations of the mother's alcohol abuse and violent behavior, the father's attorney did not cross-examine the mother or elicit any testimony from the father about why it was in the child's best interest to remain with him in Georgia (see Matter of Aaron OO. [Amber PP.], 170 AD3d at 1436). Moreover, neither counsel nor Family Court addressed the concerning findings in a court-ordered investigation by the Administration for Children's Services, which revealed that the [*2]mother had tested positive for alcohol during a randomly administered alcohol test and had an indicated report for inadequate guardianship of the child (see Matter of Albert T. [Shaquana M.], 202 AD3d 643, 643 [1st Dept 2022]; see also Matter of Sandra Y. v Jahi J.Y., 174 AD3d 406 [1st Dept 2019]). Accordingly, the record demonstrates that the father was denied meaningful representation, albeit due in part to the perplexing manner in which the proceedings were conducted. We therefore find that the father is entitled to the assignment of new counsel on remand (see Matter of Aaron OO. [Amber PP.], 170 AD3d at 1438).
Upon finding a substantial change in circumstances based on the father's move to Georgia and allegations of the mother's alcohol abuse, Family Court should have conducted a full evidentiary hearing to examine the totality of the circumstances. This should have entailed eliciting testimony from both parents and entering all relevant evidence on a developed record to determine the best interests of the child (see Michael G. v Katherine C., 167 AD3d 494, 495-496 [1st Dept 2018]; Matter of Abel A. v Imanda M., 167 AD3d 528 [1st Dept 2018]).
Accordingly, we remand the matter to Family Court, Bronx County, for further proceedings on the father's petition for joint custody of the child and the father's outstanding order to show cause. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025